FILED
2010 FEB -5
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD MATTHEWS<br>on behalf of himself and<br>all others similarly situated, | )<br>)<br>)<br>)     CV-10-HGD-0287-S<br>) |
| Plaintiff, | )<br>) |
| v. | )     CIVIL ACTION NO. _____<br>) |
| AT&T INC., AT&T OPERATIONS,<br>INC., INNOTRAC CORP., | )<br>)     JURY TRIAL DEMANDED<br>) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

ROBERT MATTHEWS files this Complaint individually, and as class representative of all those similarly situated against the named Defendants.

### INTRODUCTION

1. This is a national class action against the Defendants for compensatory and punitive damages for fraud, civil conspiracy, conversion, breach of the implied covenant of good faith, unjust enrichment, and/or other wrongful conduct.

2. The claims in this action are founded upon the common law of Alabama and all other states in these United States for fraud, civil conspiracy, conversion, breach of the implied covenant of good faith, unjust enrichment, and/or other wrongful conduct.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693m. This is an action for violation of 18 U.S.C. § 1961 *et seq.* and the State of Alabama common law.

4. Jurisdiction in this civil action is also authorized pursuant to 28 U.S.C. § 1332(d), as Plaintiff's citizenship is diverse from all defendants, there are more than one hundred (100) class members, and the aggregated amount in controversy exceeds five million dollars ($5,000,000.00).

5. This Court has supplemental jurisdiction over Plaintiff's state and common law causes of action, pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and or omissions giving rise to the Plaintiff's claim emanated from this judicial district.

## PARTIES

7. Plaintiff, Richard Matthews (hereinafter "Plaintiff"), is a citizen and resident of the State of Alabama, is over the age of nineteen (19) years and resides within Shelby County, Alabama.

8. Defendant, AT&T, Inc. (herein "AT&T"), is a Delaware corporation with its principal place of business located in Dover, Delaware.

9. Defendant, AT&T Operations, Inc. (herein "AT&T Operations"), is a Texas corporation with its principal place of business located in San Antonio, Texas.

10. Defendant, Innotrac Corporation (hereinafter "Innotrac"), is a Georgia corporation with its principal place of business located in Norcross, Georgia.

## CLASS ACTION ALLEGATIONS

11. This action seeks money recovery for Defendants' violations of the common law of the states. Plaintiff seeks punitive damages and compensatory damages for each class member for the Defendants' fraud, and other wrongful conduct as alleged herein.

12. Certification under Rule 23(b)(3) *Fed. R. Civ. P.* is proper.

13. Plaintiff seeks certification of a national class action against all named Defendants for the fraud and other wrongful conduct alleged in this Complaint. The Plaintiff class consists of the following:

> All residents of the United States who received Clarity phones they did not order, or received unauthorized telephone service packages, from Defendants. Said class of Plaintiffs are further defined as follows:
>
> a) Those persons living on the date that final judgment is entered in this action;
>
> b) The person does not have pending against a named Defendant, on the date of the Court's certification order, any individual action wherein the recovery sought is based in whole or in part on the type of claims asserted herein;
>
> c) Persons are excluded from the class as to a particular Defendant who have previously obtained a judgment; or settled any claims against that same Defendant concerning the type claims asserted herein; or have previously executed releases releasing any such claims against that same Defendant; or who have signed any arbitration agreement with any Defendant concerning telephone services; or have authorized Defendants to bill for Clarity telephones.

14. Rule 23(a), and Rule 23(b), *Fed. R. Civ. P.* requirements are met because:

> a) Plaintiff estimates that the proposed class consists of not less than several thousand members throughout the United States, and joinder of all members in this action is impracticable.
>
> b) There are questions of law and fact common to the class.
>
> c) The common questions predominate over any questions affecting only individual members.
>
> d) The named Plaintiff is an adequate representative of the class. The claims of the Plaintiff as class representative are typical of those of the class members in that they were subjected to the same unlawful treatment, and Plaintiff suffered the same type harm as suffered by other members of the class. The class representative

will vigorously pursue the claims on behalf of the class, and will fairly, and adequately protect the interests of the class. Plaintiff's counsel is experienced and professionally able to properly represent the class.

e) The claims of the representative party are typical of the claims of each member of the class, and are based on or arise out of similar facts constituting the wrongful conduct of the Defendants.

f) A class action is far superior to any other available method for the fair and efficient adjudication of this controversy.

15. This action complies with the *Class Action Fairness Act of 2005.*

a) This District Court has original jurisdiction of this civil action because the controversy exceeds the sum or value of $5 million, exclusive of interest and cost, and is a class action in which there are members of the class of Plaintiffs who are citizens of states different from the Defendants; there are members of the class of Plaintiffs who are citizens of foreign states and there are Defendants who are citizens of this state; and there are members of the class of Plaintiffs who are citizens of this state and there are Defendants who are citizens of foreign states.

b) Upon information and belief, Plaintiff pleads that less than 1/3 of the proposed class members in the aggregate are citizens in this state.

16. Prerequisites to a Class Action – Fed. R. Civ. P. 23(a). The Prerequisites to maintaining this action as a Class action are satisfied in this case as alleged below.

(1) <u>Numerosity</u> – On information and belief, there are more than 60 million residential AT&T subscribers. A substantial number of AT&T customers in were charged for unauthorized service plans and charged for telephone equipment they did not order by Defendant in violation of Alabama law. Although the exact number of such persons is unknown to the Plaintiff at this time, Defendants' records should contain information on the identities and location of all such parties as well as the amounts of these illegal charges for all such persons. Because Defendant has exclusive control of

such information, Plaintiff reserves his right to amend his allegations following completion of discovery. Given the scope of the Defendant's business in Alabama, it is clear that the members of the Class are so numerous that joinder is impracticable and the disposition of their claims in a Class action will provide substantial benefits to both the parties and this Court.

(2)   Commonality – Since Plaintiff and other members of the Class were parties to standardized adhesion contracts, (and/or affected by other common and standardized instruments of Defendant), containing similar or identical provisions, which Defendant has invoked to charge unlawful early cancellation penalties in violation of Alabama law, there are questions of law and fact common to the Class. Such common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to the following:

(3)   Typicality – Plaintiff has the same interests in this matter as all the other members of the Class, and his claims are typical of all members of the Class. Plaintiff's claims are typical of the claims of all call members because: (a) the claims originate from the same practices on the part of AT&T and its acts in furtherance thereof; (b) Plaintiff and all Class members have sustained damages if they have paid, or are subject to, unauthorized service payments.

(4)   Adequacy of Representation – Plaintiff's claims are aligned with the interests of the absent members of the Class such that the Class claims will be prosecuted with diligence and care by Plaintiff as representative of the Class. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of Class litigation. Plaintiff will fairly and adequately represent

the interests of Class and do not have interests adverse to the Class. Plaintiff has no relationship with Defendant except as a customer. Plaintiff's interests are antagonistic to the interests of the Defendant and Plaintiff will vigorously pursue the claims of the Class.

(5)   Class Actions Maintainable – Fed. R. Civ. P. 23(b)(3). Class action status is also appropriate because the common question of law and fact identified above predominate over questions affecting only individual members. A Class action is superior to other available methods for the fair and efficient adjudication of this litigation. Because of the relatively small monetary value of each Class member's individual claim, few, if any, Class members have an interest in individually controlling the prosecution of separate actions. It is desirable to concentrate the litigation of the claims in this District. Plaintiff and his counsel do not anticipate encountering any unique difficulties in the management of this action as a Class action.

## STATEMENT OF THE FACTS

17.   On or about August 1, 2009, Plaintiff received a package containing a Clarity cordless phone with a digital answering machine and expandable handset. The package was delivered by United Parcel Service from Innotrac Corporation.

18.   Plaintiff did not order or request this equipment. He called AT&T and asked them what authority they had to send this unrequested equipment. AT&T stated that they couldn't answer his question, but referred him to Innotrac's telephone number where he could call and request a return authorization number and Innotrac would send him a label to use in returning the equipment. AT&T also stated that if he did not return the equipment, he would be billed through his residential telephone service for this equipment. The following month, the phones were charged to Plaintiff's telephone bill.

19.     In September 2009, the Plaintiff's residential telephone package was changed from the Complete Choice package bundle to the Complete Choice Enhanced package. This was done without the Plaintiff's authorization. This change in telephone service caused the Plaintiff an increase in $18.00 per month.

20.     Plaintiff called AT&T and asked them what authority they had to randomly change his telephone service. AT&T stated that they were not sure why his telephone package had suddenly increased. Plaintiff asked AT&T if customer authorization was needed to change telephone packages. AT&T stated that customer authorization was needed to change telephone services.

## COUNT I
## VIOLATION OF 18 U.S.C. § 1961 et seq. "RICO"

21.     Plaintiff adopts and incorporates by reference all prior paragraphs of this Complaint as if set out here in full.

22.     The RICO Defendants named herein constitute an "enterprise" pursuant to 18. U.S.C. § 1961(4) and/or 18 U.S.C. § 1962(c).

23.     Upon information and belief the RICO Defendants associated with and through the enterprise to engage in tortious conduct by directing, participating with and managing the enterprise in a pattern of racketeering activity.

24.     Upon information and belief the enterprise described herein was engaged in interstate commerce in implementing and directing its racketeering activity.

25.     Upon information and belief the Defendants' racketeering activity included multiple violations of 18 U.S.C. § ~~1341~~ 1341 and 18 U.S.C. § ~~1343~~ 1343.

26. Upon information and belief racketeering activities of the Defendants in furtherance of the enterprise included among other things the conduct and activities heretofore described in this Complaint.

27. The RICO Defendants racketeering activities includes, but is not limited to, the marketing, sales, and delivery of unauthorized telephone charges and telephone equipment to the Plaintiff and Class members.

28. The RICO Defendants named here further entered into a conspiracy in violation of 18 U.S.C. § 1962(d).

29. As a proximate result of the conduct of the RICO Defendants, the Plaintiff and Class suffered damages that are continuing in nature and are not fully ascertained.

30. Wherefore the premises considered, Plaintiff hereby demands compensatory and punitive damages in an amount to be proven at trial, treble damages, and attorneys' fees plus interest and costs.

## COUNT II
### Fraud

31. Plaintiff hereby adopts and incorporates herein by reference all prior paragraphs of this Complaint as if set out here in full.

32. As previously described herein, the Defendants made representations that Plaintiff and class members relied upon to their detriment.

33. Said representations were made with the knowledge and intent that they would be relied upon, and/or the representations were made negligently and/or wantonly and/or willfully and/or recklessly and/or intentionally.

34. As a proximate result of the fraud committed by the Defendants, the Plaintiff and Class were caused to suffer damages that are continuing in nature and as yet have not been fully ascertained.

35. The conduct of the Defendants was willful and/or wanton and/or reckless and/or intentional such as that the imposition of punitive damages is justified and warranted.

36. Wherefore the premises considered, Plaintiff hereby demands compensatory and punitive damages from the Defendants, jointly and severally in an amount to be determined at trial, plus interest and costs.

## COUNT III
### Civil Conspiracy

37. Plaintiff hereby adopts and incorporates herein by reference all prior paragraphs of this Complaint as if set out here in full.

38. The Defendants actively and deliberately conspired with one another to engage in and accomplish the acts described herein that have proximately resulted in damages to the Plaintiff and Class members.

39. The conduct of the Defendants was willful and/or wanton and/or reckless and/or intentional such as that the imposition of punitive damages is justified and warranted.

40. Wherefore the premises considered, Plaintiff hereby demands compensatory and punitive damages from the Defendants, jointly and severally in an amount to be determined at trial, plus interest and costs.

## COUNT IV
### Conversion

41. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

42. AT&T has taken, reserved, received, collected, and converted unauthorized service charges from Plaintiff and the Class based on a false and illegal claim of right.

43. Plaintiff and the members of the Class have been deprived of the money and the use of such money that AT&T has taken, charged, converted, used, and received under its false claim of right, and have suffered damages as a result.

44. Such wrongful actions and conduct are ongoing and continuing. Unless Defendant is enjoined from continuing to engage in such wrongful actions and conduct, members of the consuming public will continue to be damaged by Defendant's conduct.

45. As a result of Defendant's unlawful acts and conduct, Plaintiff and Class were deprived of the use of their money that was unlawfully converted by Defendant, and are therefore entitled to restoration of their money, along with interest thereon from the date the money was converted by Defendant to the date of judgment, compensatory damages and punitive damages.

## COUNT V
## Unjust Enrichment

46. Plaintiff re-alleges all prior paragraphs of the Complaint as if set forth here in full.

47. Defendants' success in extracting monies from Plaintiff and Class members without their authorization amounts to unjust enrichment.

48. AT&T's unauthorized telephone charges result in a windfall to AT&T all or substantially all of the time that it is applied.

49. Defendants' unauthorized distribution of telephone equipment results in a windfall to Defendants all or substantially all of the time that it is applied.

50. AT&T was unjustly enriched at the expense of the Plaintiff and Class by its collection of charges from the distribution of unauthorized telephone equipment and additional

unauthorized service charges, and it would be unjust to permit AT&T to retain the proceeds of its unenforceable penalty.

51. By reason of the foregoing, Defendant is liable to Plaintiff and Class for damages incurred as a result of the Defendant's actions, the amount of such damages to be determined at trial.

## COUNT VI
### Breach of the Implied Covenant of Good Faith and Fair Dealing

52. Plaintiff re-alleges all prior paragraphs of the Complaint as if set forth here in full.

53. The Defendants' "Terms and Conditions" include not only express written provisions, but also those terms and conditions, which although not formally expressed, are implied by law.

54. Such implied terms are as binding as the terms that are actually written into the agreement.

55. Inherent in all contracts and agreements is an implied covenant that the parties will act in good faith and deal fairly with each other in the performance of their respective covenants and obligations under the contract and not take any action that will injure the other party or compromise his benefit of the contract.

56. The obligations of Defendants to abide by the implied covenant of good faith and fair dealing is heightened by the substantial imbalance of power between Defendants and the Plaintiff, which imbalance allows Defendants to implement the business scheme described in detail in this Complaint and incorporated by reference.

57. Here, by subscribing to AT&T's services, Plaintiff and the Class had reasonable expectations to receive the benefits of the services.

58. Furthermore, by subscribing to AT&T's services, Plaintiff and Class had reasonable expectations to be advised of the true extent of their residential telephone services charged by AT&T.

59. AT&T has breached the implied covenant of good faith and fair dealing by virtue of the deceptive practices described herein and by acts independent of the deceptive practices.

60. AT&T has denied Plaintiff the ability to achieve his reasonable expectations in submitting Plaintiff and Class to charges, for equipment and service, they did not authorize.

61. AT&T's breach of the implied covenant of good faith and fair dealing was a substantive factor causing damages to the Plaintiff and Class.

## COUNT VII
### Declaratory Relief

62. Plaintiff re-alleges all prior paragraphs of the Complaint as if set forth here in full.

63. AT&T is not entitled to collect unauthorized service charges.

64. AT&T will continue to attempt to collect such charges in the absence of adjudication that it is not entitled to collect.

65. Plaintiff and Class members are entitled to a declaration of their rights, declaring that they are not obligated to pay AT&T the unauthorized charges it has assessed against them, and to an injunction preventing AT&T from collecting or attempting to collect these charges.

66. Plaintiff desires a judicial determination of his and the Class members' rights and duties arising from AT&T's agreements.

67. A judicial determination is necessary and appropriate so that the parties may ascertain their rights and duties arising from the aforementioned transactions.

68. Further, given Defendant's wrongful actions as set forth above, which are ongoing and continuing to deceive Plaintiff, members of the Class and the general public, the Court should:

(a) preliminarily and permanently enjoin Defendant from continuing its practice of charging Plaintiff and Class service charges without their authorization; (b) order Defendant to disgorge all profits earned in connection with the improper and impermissible expropriation of telephone equipment through the policy and practice of billing customers without prior authorization; and (c) order Defendant to take all steps necessary to disclose its policy of charging consumers without prior authorization.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, pray for judgment as follows:

- A. Certification of the proposed Class pursuant to Federal Rules of Civil Procedure Rule 23 (a), (b)(2), and (b)(3);
- B. Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;
- C. An award of compensatory damages, the amount of which is to be determined at trial;
- D. An award to the Plaintiff and Class the amount of interest, costs and attorneys' fees;
- E. An award to the Plaintiff and Class such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Done this the 3rd day of February, 2010.

Respectfully submitted,

/s/ W. Daniel Miles
JERE L. BEASLEY (BEA020)
W. DANIEL "DEE" MILES, III (MIL060)
*Attorneys for Plaintiff*

Of Counsel:

BEASLEY, ALLEN, CROW
METHVIN, PORTIS, & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
dee.miles@beasleyallen.com


Defendants:

AT&T Inc.
32 Lockerman Square
Dover, DE 19901

AT&T Operations, Inc.
530 McCullough Street
San Antonio, TX 78215

Innotrac Corp.
1828 Meca Way
Norcross, GA 30093